Eastern District of Kentucky
**FILED**

MAR 3 1 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-312-JBC

SAMUEL R. SMITH,                                                                    PLAINTIFF

V.                          **PROPOSED FINDINGS OF FACT
                             AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
    Social Security Administration,                                              DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff, Samuel R. Smith, by counsel, brings this action against the Commissioner of the

Social Security Administration, under 42 U.S.C. § 405(g), for judicial review of the Commissioner's

decision that he was not under a "disability," as defined in the Social Security Act, at any time

through the date of the Commissioner's decision, and that based on plaintiff's respective applications

for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI) payments filed

on August 19, 2002, plaintiff was not entitled to either disability benefits or SSI payments.

This matter is before the court on cross-motions for summary judgment [DE ##10, 11],

which are ripe for review.

By Order of January 4, 2005, the district court referred this matter to the undersigned

Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on

dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

On August 19, 2002, plaintiff filed the present DIB and SSI applications, alleging that he

became disabled on July 15, 2002. These applications were denied initially and on reconsideration,

resulting in an ALJ hearing. On February 13, 2004, ALJ Arthur J. Shultz issued a decision

unfavorable to plaintiff. (Tr. 17-25). Plaintiff requested the Appeals Council to review the ALJ's

denial decision; however, on June 5, 2004, the Appeals Council denied this request. (Tr. 9-11). Thereafter, plaintiff filed the present action for judicial review of the ALJ's decision.

Plaintiff was born on August 5, 1962, and was age 39 at the time of his alleged onset date, July 15, 2002. Plaintiff alleges disability due to back problems with numbness in his extremities, migraine headaches, arthritis, and mental difficulties. (Tr. 106). Plaintiff has a tenth grade education and has past relevant work (PRW) experience as a stock clerk, automobile mechanic, and factory laborer. (Tr. 18). Summarizing the ALJ's findings, the ALJ found that (1) claimant has not engaged in substantial gainful activity since his alleged onset date; (2) claimant has an impairment or a combination of impairments considered to be "severe" (*viz.,* degenerative disc disease, anxiety, depression, and obesity); however, claimant's medically determinable impairments do not meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's allegations concerning his limitations are not totally credible; (4) claimant has the residual functional capacity (RFC) to perform a significant range of light work, with noted restrictions; (5) claimant is unable to perform his PRW; (6) claimant has no transferable work skills from any PRW and/or transferability of skills is not an issue in this case; (7) although claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.18 as a framework for decision-making, there is a significant number of jobs in the national economy that claimant can perform, such as entry level factory jobs and assembly jobs; and (8) claimant was not under a disability, as defined in the Social Security Act, at any time through the date of the ALJ's decision, February 13, 2004. (Tr. 17-25).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to

support a conclusion.  Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th

Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir.

1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve

conflicts in evidence, or decide questions of credibility.  Garner v. Heckler, 745 F.2d 383 (6th Cir.

1984).

## IV.  THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of his motion for summary judgment, plaintiff contends (1) that the ALJ failed to

provide sufficient reasons for rejecting the opinion of his treating physician that plaintiff is disabled,

and (2) that the ALJ ignored his post-hearing request to leave the record open for a brief time in

order for plaintiff to be evaluated by a neurosurgeon and to provide the neurosurgeon's report to the

ALJ as additional medical evidence in support of his disability claim.  For these reasons, plaintiff

contends that the ALJ's decision is not supported by substantial evidence and that the

Commissioner's decision should be reversed and benefits awarded, or in the alternative, that this

action should be remanded to the Commissioner for further consideration.

In response, the defendant submits that the Commissioner's decision is supported by

substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda

filed in support of each party's motion for summary judgment, the hearing decision, the medical

evidence of record,  Exhibits 1F through 19F, and the transcript of the ALJ hearing.

During the course of the ALJ hearing on December 17, 2003, it came to the attention of

plaintiff's representative that the medical evidence of record did not include the interpretations by

The Pain Treatment Center in Lexington, Kentucky, of two MRIs performed by Nicholasville Road

MRI on September 16, 2000, and March 24, 2001.  At that time, plaintiff's representative orally

requested the ALJ to leave the record open for a period of time so that the foregoing MRI

3

interpretations could be located and sent to the ALJ to be considered and included in the medical evidence. The ALJ granted that request, stating that he would not issue a decision until he had received this medical evidence. The ALJ specifically stated, "I will take 30 days after I receive the missing evidence before a decision is issued." (Tr. 69).

By letter dated January 15, 2004, plaintiff's representative provided the ALJ with the missing MRI interpretations in question. The enclosure letter also states, as follows:

> As the enclosed information stipulates, Mr. Smith did not have medical coverage in or out of network due to his pre-existing back condition from October, 2002 through December 2003. However, beginning January 01, 2004, Ms. Smith's insurance provider will provide coverage for her husband's back condition. Mr. Smith plans to see a neurologist and have updated MRIs of his upper and lower back. It is therefore requested the record regarding Mr. Smith remain open for a period of 90 days in order to submit current MRI reports and a consultative neurological evaluation report.

Tr. 167.

Subsequently, on February 5, 2004, plaintiff's representative faxed to the ALJ reports of two MRIs, one of plaintiff's cervical spine and one of his lumbar spine, that were performed by Richmond Open MRI on January 31, 2004. (Tr. 305-06). The transmittal cover sheet accompanying these MRI reports further stated, as follows:

> Also, Mr. Smith is scheduled to see Dr. Phillip Tibbs, neurosurgeon, at the Ky. Clinic on 3-5-04. Please leave the record open until March 20, 04 to obtain and submit the report from Dr. Tibbs. Your consideration of this request is most appreciated.

Tr. 168.

Regardless of plaintiff's notice to the ALJ on February 5, 2004, that he was scheduled to be evaluated by Dr. Phillip Tibbs, a neurosurgeon, on March 5, 2004, and plaintiff's request to leave the record open until March 20, 2004, for the purpose of providing the ALJ with the Dr. Tibbs' report, on February 13, 2004, the ALJ issued his decision denying plaintiff's claim for DIB and SSI benefits.

As seen from the transcript of the ALJ hearing, in questioning plaintiff, the ALJ asked plaintiff why he had not been evaluated by a neurologist for his complaints of back pain, expressing

4

his concern that it appeared that plaintiff had not bothered to follow through with referrals to specialists while he had health insurance.[1] Plaintiff explained that he had not had any health insurance since he stopped working in 2002 and that in the absence of health insurance, he could not afford to pay for an evaluation by a neurologist. However, plaintiff advised the ALJ during the hearing that beginning in January of 2004, he would have health insurance benefits through his wife's employer. (Tr. 55).

Apparently taking the cue from the ALJ concerning the importance of being evaluated by a specialist, after plaintiff became an insured under his wife's health insurance policy in January of 2004, he had two updated MRIs performed on January 31, 2004, and he scheduled an appointment for an evaluation by a neurosurgeon, Dr. Phillip Tibbs, on March 5, 2004. On February 5, 2004, plaintiff's representative faxed the ALJ the MRI reports dated January 31, 2004, advised the ALJ that plaintiff was scheduled to be evaluated by a neurosurgeon on March 5, 2004, and requested the ALJ to leave the record open until March 20, 2004, for receipt of the report from the neurosurgeon's evaluation. Nevertheless, eight days later, on February 13, 2004, the ALJ issued a decision denying plaintiff's claim for disability benefits.

In his motion for summary judgment, plaintiff notes that the ALJ made no direct response to either of his post-hearing requests to leave the record open for additional time for the submission of additional medical evidence. Additionally, the ALJ's decision made no reference to plaintiff's request to hold the record open for additional time to submit additional medical evidence. However, the ALJ does make reference to plaintiff's lumbar and cervical MRIs dated January 31, 2004 (Exhibit 19F); thus, it is clear that the ALJ's office received this information and plaintiff's request to leave the record open for additional time *prior to the issuance of the ALJ decision*. Since plaintiff's request made to the ALJ on February 5, 2004, to leave the record open for additional time

---

[1] The ALJ stated: "But I'm, I'm very concerned when I see that we've got a case where you're alleging all these severe back problems, and neck problems, and you haven't seen a single specialist. So –." (Tr. 69).

was timely, in the sense that it was presented to the ALJ prior to the ALJ's issuance of a decision on February 13, 2004, and since the ALJ made no direct response to this request and made no reference thereto in his hearing decision, the Magistrate Judge concludes that it is possible that the ALJ was not made aware of plaintiff's request to hold the record open for additional time. This conclusion is based on the fact that the request in question was contained on the transmittal cover sheet dated February 5, 2004, made at the time plaintiff provided the ALJ with the MRI reports dated January 31, 2004. Since this request was not made in the form of a separate letter or motion and was simply contained in a telefax transmittal cover sheet, the very real possibility exists that due to the form of this request, it was never brought to the ALJ's attention, which would explain the ALJ's failure to respond in any fashion to this request and to proceed with issuance of the ALJ decision.

Given the circumstances[2], the Magistrate Judge concludes that plaintiff's request made on February 5, 2004, to hold the record open until March 20, 2004, for the submission of an evaluation from a neurosurgeon, following plaintiff's scheduled evaluation by the neurosurgeon on March 5, 2004, was a reasonable request. The ALJ's failure to acknowledge this request in any fashion[3] is troubling. Giving the ALJ the benefit of the doubt, the Magistrate Judge must presume that plaintiff's request was not brought to the ALJ's attention.

Remand for consideration of medical evidence is appropriate when a claimant establishes that he could not have submitted the medical evidence prior to the hearing decision. See Wilson v. Secretary of H.H.S, 733 F.2d 1181, 1182-83 (6th Cir. 1984). In this case, plaintiff explained to the ALJ that during the period of time that he had no health insurance benefits, he was unable to pay for

---

[2] The circumstances were that plaintiff had no health insurance benefits after he stopped working in 2002 until January 1, 2004, when he became an insured under his wife's health insurance policy. During the period he was uninsured, plaintiff could not afford to pay the cost of an evaluation by a neurosurgeon. After he became insured again in 2004, he made arrangements to be evaluated by a neurosurgeon on March 5, 2004, and requested until March 20, 2004, to submit the neurosurgeon's evaluation to the ALJ.

[3] Even a brief acknowledgment in the body of the ALJ's decision would at least convey to plaintiff that his request was received, considered, and denied. No acknowledgment whatsoever invites conjecture as to whether the ALJ was made aware of the request.

an evaluation by a specialist. Subsequent to the ALJ hearing in December of 2003, plaintiff became insured in 2004, and he scheduled an appointment for an evaluation on March 5, 2004. Plaintiff has shown good cause, *i.e.,* his inability to pay for a specialist's evaluation, for not submitting an evaluation by a neurosurgeon prior to the ALJ hearing, and plaintiff promptly scheduled an evaluation by a neurosurgeon after he had health insurance benefits.

## V.  CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, for all of the reasons stated above, the Magistrate Judge concludes that the Commissioner's denial decision should be reversed and that this action should be remanded for further proceedings.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #10] be **DENIED WITHOUT PREJUDICE**, that defendant's motion for summary judgment [DE #11] be **DENIED WITHOUT PREJUDICE**, that the Commissioner's decision be **REVERSED** and that this matter be **REMANDED** to the Commissioner in order to permit plaintiff to submit an evaluation by a neurosurgeon for the Commissioner's further consideration of this matter.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P.

6(e).  A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.  Fed.R.Civ.P. 72(b).

This _____ 31st _____ day of March, 2005.

_____
JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

8